purchasers in good faith, without notice of some of the acts or declarations relied upon as conclusive against them. It would be manifestly unjust to estop them by acts and declarations not their own, and of which they had no notice, either actual or constructive, when they purchased.

We perceive no error in the answers of the court to the several points propounded by the plaintiff in error.

. Judgment affirmed.

# Hubley, Guardian, *versus* Long, Executor.

1. An executory devise of the inheritance to the extent of a life or lives in being, and twenty-one years and the fraction of another year, to reach the case of a posthumous child, is allowed; and the rule equally applies to chattel interests. Per LEWIS, Pres. Com. Pleas, approved by the Supreme Court.

2. The rules of law for the prevention of perpetuities, extends to a chattel interest the same as to a freehold.

ERROR to the Court of Common Pleas of *Lancaster county*.

The questions in this case arose between the following parties, and on the following stated case.

Elizabeth, Valentine, Amelia and Samuel Hoffman, by their Guardian, John W. Hubley, plaintiffs in error, against Peter Long, Executor of the will of Valentine Hoffman, deceased, and Trustee of his son, said Samuel Hoffman, deceased.

*Case.*—" The will of said Valentine Hoffman, deceased, is dated December 17, 1831, and was proved April 5th, 1833.

" Said Samuel Hoffman, son of Valentine Hoffman, died December 4, 1839; and his four children were born at the following times, viz: Elizabeth, born December 22, 1834; Valentine, born August 14, 1836; Amelia, born May 14, 1838; and Samuel, born July 2, 1840.

" Daniel Hoffman, the other son of said Valentine Hoffman, deceased, died December 25, 1850; and his four children were born at the following times, viz; Mary, born June 24, 1838; Otelia, born, December 12, 1840; John Valentine, born February 12, 1846; and Oliver, born April 25, 1849.

" Said Peter Long, by virtue of the act of Assembly of 20th March, 1846, (Pamph. of 1846, p. 157,) sold the real estate therein mentioned and devised by said Valentine Hoffman, deceased, for the use of his sons, Samuel and Daniel, &c.; and on the 26th of February, 1849, filed his account as trustee of said Samuel and Daniel, exhibiting a balance against the accountant of $2354.69, and taking credit for part of the purchase-money of part of said real estate of $1912.50, which had been loaned out by said Peter Long, trustee.

[Hubley, Guardian, *v.* Long, Executor.]

"The Court of Common Pleas of Lancaster county referred said account to John C. Van Camp, who made report thereon; which report, September 20, 1849, was confirmed by said court, deducting $114.50, (being half the commissions claimed in said account,) and allowing said half 'when the fund is finally distributed.'

"One part of the will of said Valentine Hoffman, deceased, is as follows, viz:

"'—— and within one year after both my sons' deaths,' (said Samuel and Daniel) 'I direct said trustee' (said Peter Long) 'to sell the said property,' (said real estate before mentioned,) 'at public sale, and to divide the proceeds arising from the sale of the same, as follows, viz: one moiety of the money arising from the sale of such property, after deducting all legal and necessary expenses, to the child or children of my son Samuel, and one moiety to the child or children of my son Daniel,' &c., &c.

"Another part of said will is as follows, viz:

"'I direct that if any of the grand-children, legatees, or persons interested in the real estate, shall be minors at the time of the sale thereof, their share shall remain a charge lien upon such property, payable with lawful interest to such legatee when he or she arrives at the age of twenty-one years; but if such legatee or legatees should die before they arrive to the age of twenty-one years, then I direct the money charged on such real estate, with the interest due thereon, immediately to be paid to the heirs of such legatee, as they arrive to the age of twenty-one years, in the manner before mentioned; and my executors, or the survivor of them, or the trustee mentioned in such event, is to sell the property subject to such charge,' &c., &c.

"The plaintiffs claim the half of said balance above mentioned, including half of mortgage-moneys (excepting $114.50, commissions not yet received, and $14.34, costs of auditor, &c.,) in the hands of said trustee; and the Court of Common Pleas of Lancaster county is to decide whether the plaintiffs are entitled to recover said amount so claimed upon the facts submitted. If so, judgment to be entered for one dollar, (the real amount to be ascertained hereafter,) otherwise judgment to be entered for the defendant."

Upon which the court, LEWIS, P., after argument, delivered the following opinion:

"Under the events which have taken place, the interests given by the will of Valentine Hoffman, deceased, have completely vested in the children of his two sons, Samuel and Daniel, within the period prescribed by the rules of law, established for the prevention of perpetuities. An executory devise of the inheritance, to the extent of a life or lives in being, and twenty-one years and the fraction of another year, to reach the

case of a posthumous child, has been uniformly allowed. 4 Kent, 267. And the same rule equally applies to chattel interests. 3 P. Wms. 258; 1 Bl. Rep. 188; 7 T. R. 100. There is, therefore, no objection to the will, on the ground of its tending to create a perpetuity.

"Although the estate has vested in the plaintiffs, it does not follow, that it is to be paid to them, or their guardians during their minority, contrary to the positive directions of the testator in his will. The owner of the estate designated the trustee and the times of payment, and the Act of 20th March, 1846, authorizing a sale of the real estate, does not interfere with the directions of the testator, touching the distribution. The judgment is, therefore, given for the defendant."

The entry of judgment for defendant was the error assigned.

*Ellmaker*, for plaintiffs in error.—The plaintiffs, as also all the children of Daniel Hoffman, (who occupy the same position in regard to the moneys in controversy,) were born *since* probate of will of Valentine Hoffman, (their grandfather,) on 5th April, A. D. 1833.

The tenth clause of his will, which is that first quoted in the case stated, makes a clear and absolute provision for Samuel and Daniel Hoffman, and if one of them dies without issue in the life-time of the other, then the survivor is to receive the share of the one so deceased, and the question submitted is, whether this portion of the will of Valentine Hoffman is controlled and restricted by the 13th clause, (second quoted in case stated,) of the same instrument? And this, too, under the aspect now of an entirely personal estate to operate upon, and an impossibility arising from events, since testator's death, and in life-time of his sons, Samuel and Daniel, to carry out the requirements of that thirteenth clause of the will.

The clause last mentioned provides, that if any grand-child, legatees, or persons interested in the real estate, shall be minors at sale thereof, their shares are to be a charge upon the real estate, payable, &c.

Oliver, a son of Daniel, was born 25th April, 1849; he may die 24th April, 1870, leaving a child one day old, and if clause 13 be in force, such child would draw its share 23d April, 1891, a period of fifty-eight years from death of testator.

To adopt the view of the case necessary to sustain the opinion of the court below, would also violate a well-settled legal principle, that devises having "a tendency to create a perpetuity," are void.

As to tendency to create a perpetuity, see 2 U. S. Dig., pl. 313, p. 87.

[Hubley, Guardian, *v.* Long, Executor.]

An executory devise, either of land or money, must be confined to persons *in esse*, and twenty-one years afterwards, or twenty-one years and ten months. 6 Serg. & Rawle, 31; 7 Term. Rep. 102; 13 Pa. Rep. 600.

Clause 13 goes beyond children of Samuel and Daniel Hoffman, and reaches their grand-children, or the great-grand-children of Valentine Hoffman, the testator.

By the word *heirs* in that clause, is meant children. 1 Binney, 562, by Breckenridge, J.

*J. E. Heister*, for defendant in error.—The established rules of law for the prevention of perpetuities, in executory devises of every description, only require the devise to vest within the compass of a life or lives in being, and twenty-one years and a fraction after. 4 Cruise, 445; 2 Fearne, 77, 79, &c.

In view of these acknowledged limits, the simplest statement of the case in hand is the strongest argument for the defendant in error. The testator's sons, Samuel and Daniel, were in being at both the date and probate of the will, and the sale of the real estate was directed to be made within one year after their deaths, and was actually effected a few years afterwards. The executory bequests then completely vested in their children, part of whom are the present plaintiffs, within the bounds prescribed by the rules against perpetuities.

The vesting of the executory bequests to the plaintiffs, is not postponed until the time prescribed for their payment, although even that would fall within the legal limits; nor are the plaintiffs' interests affected by the subsequent bequests to their heirs, although even they would vest within the period required by the rules. 2 Fearne, 83, note *a.* It is, therefore, submitted, that the question of perpetuity cannot affect this case.

Opinion.

PER CURIAM.—This judgment is affirmed, for the reasons given by the judge of the Court of Common Pleas.

Judgment affirmed.